# IN THE COURT OF APPEALS OF IOWA

No. 21-0581
Filed September 1, 2021

**IN THE INTEREST OF K.D. and K.D.,**
**Minor Children,**

**K.G., Mother,**
     Appellant.
_____


     Appeal from the Iowa District Court for Polk County, Lynn Poschner, District Associate Judge.


     A mother appeals the termination of her parental rights to her two children. **AFFIRMED.**


     Elizabeth A. Ryan of Ryan Legal Services, Des Moines, for appellant mother.

     Thomas J. Miller, Attorney General and Natalie A. Deerr, Assistant Attorney General, for appellee State.

     Paul White of Juvenile Public Defender's Office, Des Moines, attorney and guardian ad litem for minor children.


     Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

A mother appeals the termination of her parental rights to her two children.[1] The mother argues the juvenile court erred in finding the children could not be returned to her care at the time of termination, the Iowa Department of Human Services (DHS) failed to make reasonable efforts toward reunification, and termination is not in the best interests of the children due to the strong bonds with her.

This family came to the attention of DHS following an incident of domestic violence between the mother and father in January 2020. The parents engaged in an altercation in the presence of the then three- and four-year-old children, resulting in the father throwing a glass at the mother, which rendered her unconscious. The father left the home, and the children sought the assistance of a neighbor, who called emergency services. When the police arrived, they found drug paraphernalia in the home. The children were removed from the parental home in February and placed with a relative. This is not the first time this family has been involved with DHS because of parental drug use. The mother has a history of using methamphetamine, at times when caring for the children.

The children were adjudicated in need of assistance in May 2020. Since that time, the mother has failed to engage in consistent substance-abuse and mental-health treatment. The mother failed to consistently appear for drug testing when she was requested to do so. Her hair-stat test in December was positive for methamphetamine. The mother has engaged in visitation with the children, but

---

[1] The father's parental rights were also terminated. He does not appeal.

she has missed some. She has not been able to progress beyond supervised visitation.

In January 2021, the juvenile court ordered that the permanency plan be changed to termination of parental rights. The State petitioned for termination pursuant to Iowa Code section 232.116(1)(f) and (g) (2021).[2] The termination hearing was held on March 30, 2021. The mother failed to appear. Her parental rights were terminated pursuant to section 232.116(1)(f) and (g). The mother appeals.

We review terminations of parental rights de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Our review examines whether the State proved the grounds for termination by clear and convincing evidence. *Id.* "Evidence is 'clear and convincing' when there are no 'serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence.'" *Id.* (quoting *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000)). Our primary concern is the best interests of the children. *C.B.*, 611 N.W.2d at 492.

In her petition on appeal, the mother insists that error has been preserved by filing a timely notice of appeal or, in the alternative, any issues not preserved are due to ineffective assistance of counsel. The mother raised the same error-preservation argument when her rights to another child were terminated. *See In re B.G.*, No. 20-1189, 2020 WL 7022392, at *2–3 (Iowa Ct. App. Nov. 30, 2020).

---

[2] The State also petitioned for termination pursuant to section 232.116(1)(*l*) but dismissed that ground at the termination hearing.

We reiterate this court's prior conclusion that timely "notice of appeal is insufficient to preserve error for review." *Id.* at *2.

In her petition on appeal, the mother provided legal citations solely to indicate the statutory grounds for adjudication and termination and to support her arguments for error preservation. She cited no supporting legal authority for the merits of her arguments. Our rules state a petition on appeal from a termination proceeding must comply with the form provided, which instructs petitioners to provide the court with references to supporting legal authority. Iowa Rs. App. P. 6.201(1)(d), .1401 Form-5. Because the mother has not provided any legal authority to support her arguments on appeal, we deem the issues waived.

To the extent the mother raises ineffective-assistance issues, our review will follow the same two-part test applied in criminal cases.[3] *In re D.W.*, 385 N.W.2d 570, 579 (Iowa 1986); *e.g.*, *B.G.*, 2020 WL 7022392, at *2–3. In order to succeed on an ineffective-assistance claim, the claimant must prove "(1) that counsel's performance was deficient, and (2) that actual prejudice resulted. Unless both showings are made, the claim must fail." *D.W.*, 385 N.W.2d at 560. This court had the opportunity to discuss error preservation through ineffective assistance when the mother, and the same counsel, raised the issue during her prior termination appeal. *B.G.*, 2020 WL 7022392, at *2–3. Again, to the extent the mother raised ineffective assistance only in passing and "[did] not provide any

---

[3] The mother's counsel represented her during the underlying juvenile court proceedings. This is the same attorney who represented the mother during the other child's termination and appellate proceedings.

argument in her petition on appeal concerning [these] claim[s]," we will not consider them. *Id.* at *2.

Notwithstanding the foregoing, we reach the following conclusions. The State proved the grounds for termination pursuant to Iowa Code section 232.116(1)(f) by clear and convincing evidence. *See D.W.*, 791 N.W.2d at 707.

The record shows that reasonable efforts were provided to the mother and no prejudice resulted from any alleged ineffective assistance. *D.W.*, 385 N.W.2d at 560.

These children need and deserve permanency now. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). Although the children and mother do share a bond, it does not overcome their need for proper care and stability.

We affirm.

**AFFIRMED.**